## NORTH *a.* SARGENT.

*Supreme Court, First District; General Term, October,*.1861.

### NEW TRIAL, UPON PAYMENT OF COSTS.

When a new trial, upon the ground that a verdict was against evidence, had been granted by the general term "upon payment of all costs, after notice of trial," and the respondent claimed, under the order, the costs of the appeal, which included five term-fees ;—*Held*, on appeal from an order of the special term, disallowing the five term-fees, that the order at general term was informally entered, and that the five term-fees should not be included in the costs to be paid as a condition of granting a new trial.

·Appeal from an order, disallowing five term-fees in a bill of costs, directed to be paid as a condition of granting a new trial.

In this action, an appeal had been taken by the plaintiff from a judgment entered upon the verdict of a jury, to the general term ; the general term granted a new trial, on the ground that the verdict was against evidence, on payment of all costs from and after notice of trial. On the taxation of the costs of the general term, on appeal, the plaintiff objected generally to all the items in the bill, claiming that the defendant was not entitled to any costs on the appeal, but only to the costs below. The clerk adjusted the costs, including fees for five terms, at which the cause was on the calendar of the general term, and not reached. From this taxation the plaintiff appealed. No proof or affidavit was offered on the part of the plaintiff before the clerk on the adjustment, nor was any objection made, save the general objection above stated. The special term, however, on

the appeal, struck out the five term-fees allowed by the clerk, and allowed all the other items of the bill, which amounted to $50.84. From this order of the special term, the defendant appealed to the general term.

*I. T. Williams*, for the appellant.—I. As the term-fees were regularly adjusted by the clerk, and allowed by him, the plaintiff can review such adjustment and allowance only upon affirmative evidence offered before the clerk on taxation; and as there was no such evidence offered, the presumption on appeal is, that the items were properly allowed. On appeal from taxation, the burden of proving that items were improperly allowed rests upon the party appealing; and unless it should affirmatively appear that items were improperly allowed, the court has no power to strike out such items.

II. The order of the general term gave to the defendant all costs in the action, from and after notice of trial. This includes costs on appeal as well as costs of trial. So long as the order of the general term remains unreversed, not modified or vacated by the general term, the special term has no power over such order, to reverse, modify, or vacate the same, but must comply with the terms thereof.

III. If the court is of the opinion that the new trial should have been granted, on payment of the costs below, and that the costs of appeal should have abided the event, it has no power now on this appeal to modify that order. 1. The plaintiff has not appealed, and is not here objecting. 2. The plaintiff cannot have affirmative relief as respondent in the general term. 3. There is nothing before the court touching or relating to the costs of trial. All the papers here refer to the costs on appeal; and by affirming the order, the court do not effect an amendment of the order of the general term, but rather an affirmance of it, by permitting the defendant to have a part of the costs of the appeal—to wit, all the items thereof, save the five in question. 4. The court must affirm or reverse the order appealed from. If they affirm it, they decide that the defendant is entitled to a part of the costs of the appeal to the general term, but not all of them; and it is competent for the special term to arbitrarily strike out five items of costs without proof that they were erroneously allowed by the clerk.

IV. It is now too late for the plaintiff to object to the payment of the costs of the general term, nor can he be heard on this motion so to object. He appealed from the taxation of the. clerk to the special term, and on that appeal the special term did allow costs—part of the costs, at least, on the appeal. From the order of the special term the plaintiff does not appeal, he is content therewith; he thereby admits the right of the defendant to the costs of appeal to the general term, and does not seek to modify the order of the general term granting such costs.

*Andrew Thompson*, for the respondent.—I. The costs of the appeal and all other costs, except of the former trial solely, are to abide the event. (11 *How. Pr.*, 454; 3 *Duer*, 659; citing 14 *Eng. Law & Eq.*, 532.)

II. All the costs taxed are caused by the erroneous judgment of the court in not granting a new trial, and should not be charged to the plaintiff. (8 *How. Pr.*, 1.)

III. The true rule is, to charge the party obtaining the favor of a new trial with the costs of such proceedings as are vacated for that purpose. (4 *How. Pr.*, 361.)

By the Court.*—Ingraham, J.—The defendant's counsel caused the increase of term-fees by insisting before the judge at special term on retaining the verdict. Having been in error there, he ought not to receive the benefit of his error by being paid the term-fees incurred while the appeal was pending. We think the order made at special term, now appealed from, should be affirmed without costs. The order at the general term is informally entered, and ought not to have included these term-fees.

Order appealed from affirmed without costs.

---

* Present, Clerke, P. J., Ingraham and Leonard, JJ.